**BERKOWITZ, LICHTSTEIN, KURITSKY,**
**GIASULLO & GROSS, LLC**
Stewart M. Leviss, Esq.
sleviss@blkgg.com
75 Livingston Avenue
Roseland, New Jersey 07068
Phone: (973) 325-7800
Fax: (973) 325-7930
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARIAM, INC. t/a DARCARS AUTOMOTIVE GROUP<br><br>Plaintiff,<br><br>v.<br><br>ARCAR MOTORS, INC.<br><br>Defendants. | Civil Action No.: 2:22-cv-04371<br><br>**DEFENDANT'S ANSWER AND SEPARATE DEFENSES** |

Defendant ARCAR Motors, Inc. (hereinafter "ARCAR Motors") by its attorneys responds to Plaintiff Mariam, Inc., t/a DARCARS Automotive Group's (hereinafter "Mariam") Complaint as follows:

**COMPLAINT**

1. Admitted.

2. After reasonable investigation, ARCAR Motors is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore, denies same except to admit that Plaintiff filed a registration for DARCARS, United States Registration #1,927,114 (hereinafter the "Registration").

3. Admitted.

4. Admitted.

{00129226 2}

**JURISDICTION**

5.      Defendant admits this is a civil action in which Plaintiff alleges claims arising under statutes which provide for jurisdiction in the District Courts but denies that Plaintiff is entitled for the relief sought by the Complaint.

6.      Defendant admits that defense venue is proper in this district where defendant is registered and incorporated; Defendant denies the remainder of Paragraph 16.

7.      After reasonable investigation, ARCAR Motors is without information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies same, except to admit that the Registration indicates a first use in commerce of the DARCARS mark in June, 1982.

8.      Admitted.

9.      After reasonable investigation, ARCAR Motors is without information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies same.

10.     After reasonable investigation, ARCAR Motors is without information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies same.

11.     Admitted that defendant operates as a brokerage service between dealers, including Plaintiff, and potential clients or customers and has done so for more than twenty (20) years without causing consumer confusion in the automobile marketplace or automobile industry as a whole.  The rest and remainder of Paragraph 11 is denied.

12.     Defendant is without knowledge or information sufficient to form a belief as to where Plaintiff was founded, but admits the remainder of Paragraph 12.

13.     After reasonable investigation, ARCAR Motors is without information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies same.

14. After reasonable investigation, ARCAR Motors is without information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies same.

15. Denied.

16. Denied.

17. Denied.

18. Admitted that Plaintiff's Mark was not used in the New York/New Jersey/Connecticut markets until Plaintiff's recent acquisition of certain dealerships and also admitted that defendant has operated as a business under the name ARCAR Motors, Inc. in those markets for more than two (2) decades without objection or complaint from Plaintiff and without causing customer confusion in the automobile marketplace or automobile industry as a whole. The rest and remainders of paragraphs 18 is denied.

19. Admitted that Exhibit A to Plaintiff's Complaint is a copy of a letter sent by plaintiff, through counsel, in February 2021, to which defendant, through counsel, responded, also in 2021. Plaintiff thereafter took no further action for more than one year. Denied that Plaintiff is entitled to any of the relief demanded in the letters or in the complaint.

20. Denied except to admit defendant, through its counsel, responded to the letter from Plaintiff's counsel, Exhibit A.

## COUNT I

21. Defendant ARCAR Motors repeats and incorporates by reference its responses set forth in the prior paragraphs of this Answer as if fully set forth herein.

22. Admitted that Plaintiff has filed this action, denied that Plaintiff's complaint states a valid cause of action.

23. Denied.

24. Admitted that Exhibit B to Plaintiff's Complaint includes a photograph of a car with a license plate holder advertising defendant's business; the rest and remainder of this paragraph is denied.

25. Admitted that Exhibit C to Plaintiff's Complaint is a photograph showing defendant's phone number and the ARCAR Motors' mark; the rest and remainder of this paragraph is denied.

26. Admitted as to the defendant's address and the location of a dealership acquired by Plaintiff in or around 2020-21.

27. Denied.

28. Denied.

29. Denied, except to admit that defendant has been using its name in its business marketing for more than 20 years, including doing business with plaintiff through plaintiff's recently acquired Lexus of Englewood dealership, without any suggestion by plaintiff of confusion or undermining goodwill and patronage.

30. Paragraph 30 contains allegations of law to which no response is required but to the extent a response is required, denied.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted Plaintiff demanded defendant cease use of defendant's mark and advertising; denied that any infringement has occurred.

35. Admitted Plaintiff's attorneys have written to defendant and defendant's counsel; denied that Plaintiff is entitled to any of the relief sought.

36. Paragraph 36 contains only statements of law to which no response is required; to the extend a response is required, defendant denies that Plaintiff is entitled to any of the relief sought.

37. Denied.

38. Denied that Plaintiff is entitled to any of the relief sought.

39. Denied.

40. Admitted except to deny that Plaintiff is entitled to any of the relief sought.

41. Denied.

**WHEREFORE,** defendant requests the dismissal of Plaintiff's Complaint with prejudice and awarding answering defendant reasonable attorneys' fees, costs of suit and such other relief as the Court deems proper and just.

## COUNT II

42. Defendant ARCAR Motors repeats and incorporates by reference its responses set forth in the prior paragraphs of this Answer as if fully set forth herein.

43. Denied.

44. Denied.

**WHEREFORE,** defendant requests the dismissal of Plaintiff's Complaint with prejudice and awarding answering defendant reasonable attorneys' fees, costs of suit and such other relief as the Court deems proper and just.

## COUNT III

45. Defendant ARCAR Motors repeats and incorporates by reference its responses set forth in the prior paragraphs of this Answer as if fully set forth herein.

46. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies same.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**WHEREFORE,** defendant requests the dismissal of Plaintiff's Complaint with prejudice and awarding answering defendant reasonable attorneys' fees, costs of suit and such other relief as the Court deems proper and just.

## COUNT IV

51. Defendant ARCAR Motors repeats and incorporates by reference its responses set forth in the prior paragraphs of this Answer as if fully set forth herein.

52. Denied.

53. Denied.

54. After reasonable investigation, defendant is without information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies same.

55. Denied.

56. Denied.

**WHEREFORE,** defendant requests the dismissal of Plaintiff's Complaint with prejudice and awarding answering defendant reasonable attorneys' fees, costs of suit and such other relief as the Court deems proper and just.

## COUNT V

57. Defendant ARCAR Motors repeats and incorporates by reference its responses set forth in the prior paragraphs of this Answer as if fully set forth herein.

58. Denied.

59. Denied.

**WHEREFORE,** defendant requests the dismissal of Plaintiff's Complaint with prejudice and awarding answering defendant reasonable attorneys' fees, costs of suit and such other relief as the Court deems proper and just.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief can be granted.

2. The Complaint fails to allege sufficient facts or claims to support the recovery of the damages and relief sought in the Complaint.

3. Plaintiff's claims are barred, in whole or in part, because ARCAR Motors is not infringing, and has not in the past infringed, any of Plaintiff's marks.

4. Plaintiff's claims are barred, in whole or in part, because plaintiff has engaged in one or more acts that have misused its registration including but not limited to having wrongfully attempted to extend the scope of the limited protection granted by the registration of a work mark.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff's registered mark is neither inherently distinctive nor has it acquired secondary meaning to make it distinctive.

6. Plaintiff's claims are barred, in whole or in part, because there is no likelihood of consumer confusion as to the sources of Plaintiff's goods and defendant's services.

7. Plaintiff's claims are barred, in whole or in part, because the targets of the parties' sales efforts are not the same.

8. Plaintiff's claims are barred, in whole or in part, because the plaintiff and defendant do not market through the same channels of trade nor advertise through the same media.

9. Plaintiff's claims are barred, in whole or in part, because plaintiff cannot demonstrate evidence of actual confusion.

10. Plaintiff's claims are barred, in whole or in part, by estoppel.

11. Plaintiff's claims are barred, in whole or in part, by waiver.

12. Plaintiff's claims are barred, in whole or in part, because ARCAR Motors' conduct was in good faith and with non-willful intent.

13. Plaintiff's claims are barred, in whole or in part, to the extent it has not suffered any actual damages resulting from ARCAR Motors' actions.

14. Plaintiff's claims for enhanced damages are barred, in whole or in part, because they have no basis in fact or law.

15. Plaintiff's claims are barred by the doctrine of laches.

16. Plaintiff's claims are barred because plaintiff unreasonably delayed in filing a suit and as a result, this action if allowed would cause unjust hardship on defendant.

17. Plaintiff's claims for injunctive relief are barred, in whole or in part, because (1) plaintiff is not likely to prevail on the merits; (2) plaintiff has not suffered and will not suffer irreparable harm because of any conduct by ARCAR Motors; and/or (3) plaintiff has an adequate remedy at law for its alleged injury.

18. ARCAR Motors reserves the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action including, but not limited to, equitable defenses such as unclean hands.

## PRAYER FOR RELIEF

For all of the foregoing reasons, ARCAR Motors respectfully prays that:

1. Plaintiff's Complaint be dismissed with prejudice;

2. Plaintiff takes nothing by its Complaint.

3. Defendant ARCAR Motors be awarded the costs of suit; and

4. Defendant ARCAR Motors be awarded such other and further relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant ARCAR Motors hereby demands a trial by jury on all issues so triable.

Dated: August 25, 2022

By: s/ Stewart M. Leviss

Stewart M. Leviss, Esq.
BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Telephone:   (973) 325-7800
Facsimile:   (973) 325-7930
Email:   selviss@blkgg.com

## CERTIFICATE OF SERVICE

  I, Stewart M. Leviss, hereby certify that on this 25th day of August, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on all parties of record, as follows. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

|  |  |
|---|---|
| | s/ Stewart M. Leviss |
| Dated: August 25, 2022 | By: _____ |

Stewart M. Leviss, Esq.
BERKOWITZ, LICHTSTEIN, KURITSKY, GIASULLO & GROSS, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 325-7800
Facsimile: (973) 325-7930
Email:  selviss@blkgg.com